KIRK T. KENNEDY, ESQ.
Nevada Bar No: 5032
815 S. Casino Center Blvd.
Las Vegas, NV 89101
(702) 385-5534
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SUSAN BEAMAN, Individually, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| BOYD GAMING CORPORATION, A Nevada Corporation, DOES 1-10, inclusive; ROE CORPORATIONS 1-10, inclusive, | ) ) ) ) ) |
| Defendants. | ) ) ) |

**COMPLAINT**
**Jury Trial Demanded**

COMES NOW, the Plaintiff, SUSAN BEAMAN, by and through her undersigned counsel, KIRK T. KENNEDY, ESQ., who files this Complaint against the Defendant and would allege as follows:

1. Plaintiff, SUSAN BEAMAN, is a resident of Carson City County, Nevada and did so reside herein during all events complained of in this action.

2. Defendant, BOYD GAMING CORPORATION, is a Nevada corporation which did so operate herein during all events complained of in this action.

3. Defendant named herein is an employer within the jurisdictional coverage of the Americans with Disabilities Act; the Age Discrimination in Employment Act and under Nevada's anti-discrimination statues.

4. Plaintiff is unaware of the true names and capacities of defendants sued herein as Does 1-10 and Roe Corporations 1-10, and will amend her complaint to show their true names and capacities when the same are ascertained.  Plaintiff is informed and believes and

1

thereon alleges that each of these fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's injuries as herein alleged were proximately caused by the aforementioned defendants. Plaintiff is further informed and believes and thereon alleges that at all times herein mentioned each and every defendant was the agent and employee of the remaining defendants and, in doing the things hereinafter alleged, was acting within the course and scope of such agency and employment. Each defendant, in doing the acts alleged herein, was acting with the consent, permission and authorization of each of the remaining defendants.

5. Plaintiff timely submitted a charge of discrimination with the Equal Employment Opportunity Commission(34B-2015-00827). The Equal Employment Opportunity Commission assumed jurisdiction over Plaintiff's charge and notice of the charge was served upon the Defendant per statutory requirements.

6. On or about October 3, 2015, Plaintiff received a "notice of right to sue" letter which was issued from the Equal Employment Opportunity Commission pursuant to 42 U.S.C. Section 2000e-5(f)

7. Both jurisdiction and venue are appropriate as all events occurred in Clark County, Nevada; the Defendant operates in Nevada; and jurisdiction is predicated upon a federal cause of action under the Americans with Disabilities Act and the Age Discrimination in Employment Act.

8. Plaintiff, a female born August 11, 1941, was an over-40 year old employee of the Defendant from May, 1996, to July, 2014. She was employed as a benefits specialist.

9. In 2005, Plaintiff suffered a disability condition which caused the loss of sight in her right eye, however, she continued to work for the Defendant without issue and the Defendant was aware of the disability condition.

10. In April, 2014, Defendant placed Plaintiff on an unnecessary and inappropriate performance improvement plan over allegations that she was making errors with her job performance.

11. Plaintiff completed the requirements of the performance improvement plan, however, in July, 2014, Defendant wrongfully terminated her employment based on the erroneous

allegation that her performance had not improved.

12. Plaintiff endured various forms of discriminatory conduct based on her disability and over 40 age from her supervisor(s) which consisted of unfair criticisms, unfair negative evaluations and reviews; unequal treatment compared to non-disabled employees and employees who were under 40 in age; disparate treatment as opposed to other similarly situated employees of the Defendant; the denial of various workplace rights and protections by the Defendant; retaliatory conduct directed at the Plaintiff; being placed on an unnecessary and wrongful performance improvement plan which was used as a ruse and pretext to support her termination and other adverse conduct which created an overall pervasive hostile work environment.

13. Plaintiff suffered various forms of discrimination and unequal treatment based on her disability condition that was known to the Defendant and which the Defendant failed to offer any reasonable accommodation, instead, the Defendant used an improper performance improvement plan as a ruse and pretext to justify her termination.

14. Defendant and its agents further failed to protect Plaintiff from harm caused by the discriminatory conduct of its agents, said Defendant being on notice of the wrongful conduct.

15. Plaintiff has suffered harm and damages as a result of Defendant's conduct as set forth herein in an amount according to proof at trial.

## FIRST CLAIM FOR RELIEF
## THE AGE DISCRIMINATION IN EMPLOYMENT ACT; THE AMERICANS WITH DISABILITIES ACT and NEVADA LAW

16. Plaintiff realleges, readopts and reincorporates the allegations contained in paragraphs 1 through 15 as though fully set forth herein.

17. Plaintiff, an over 40 female, with a disability condition was subjected to regular and frequent acts of discrimination, harassment, intimidation, retaliation, threats and unequal treatment in an overall hostile work environment, as a result of conduct and actions of the Defendant and its agents, said conduct in violation of the Age Discrimination in

Employment Act; the Americans with Disabilities Act and Nevada state law. This conduct includes, *but is not limited to*, Plaintiff suffering from age based harassment and discriminatory conduct/ behavior from agents of the Defendant, from which the Defendant failed to take any reasonable steps to protect Plaintiff; Plaintiff suffering unequal treatment based on her disability and over-40 age by agents of the Defendant; Plaintiff suffering an overall hostile work environment and harassment caused by actions and conduct of agents of the Defendant; Plaintiff suffering an unfounded, retaliatory and improper termination from employment in 2014, by the Defendant and Plaintiff suffering unfair and unequal criticism and treatment compared to other similarly situated employees under 40 in age and/or without disabilities.

Plaintiff endured various forms of discriminatory conduct based on her disability and over 40 age from her supervisor(s) which consisted of unfair criticisms, unfair negative evaluations and reviews; unequal treatment compared to non-disabled employees and employees who were under 40 in age; disparate treatment as opposed to other similarly situated employees of the Defendant; the denial of various workplace rights and protections by the Defendant; retaliatory conduct directed at the Plaintiff, being placed on an unnecessary and wrongful performance improvement plan which was used as a ruse and pretext to support her termination and other adverse conduct which created an overall pervasive hostile work environment.

Plaintiff suffered various forms of discrimination and unequal treatment based on her disability condition that was known to the Defendant and which the Defendant failed offer any reasonable accommodation, instead, the Defendant used an improper performance improvement plan as a ruse and pretext to justify her termination.

18. As a direct and proximate result of the Defendant's actions, Plaintiff suffered harm and damages in an amount according to proof at trial. Furthermore, to the extent that the Defendant's conduct was malicious and oppressive in form, Plaintiff seeks an award of punitive damages in an amount sufficient to punish and deter the Defendant to be determined according to proof at trial.

4

.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against the Defendant as follows:

1. For compensatory damages, including, but not limited to, future pecuniary losses, physical and emotional pain and suffering, physical discomfort, inconvenience, mental anguish and loss of enjoyment of life in a sum according to proof at trial.

2. For punitive and exemplary damages according to proof at trial.

3. For back pay and interest on back pay and front pay.

4. For loss of employment related benefits, including health care and retirement.

5. For reasonable attorney's fees incurred herein.

6. For costs of suit and prejudgment interest.

7. For such other and further relief deemed appropriate by this Court.

Dated this 16th day of December, 2015.

/s/Kirk T. Kennedy
KIRK T. KENNEDY, ESQ.
Nevada Bar No: 5032
815 S. Casino Center Blvd.
Las Vegas, NV 89101
(702) 385-5534
Attorney for Plaintiff

## JURY TRIAL DEMAND

Pursuant to FRCP 38, Plaintiff does hereby demand a trial by jury of all issues and claims raised in this Complaint.

Dated this 16th day of December, 2015.

/s/Kirk T. Kennedy
KIRK T. KENNEDY, ESQ.
Nevada Bar No: 5032
815 S. Casino Center Blvd.
Las Vegas, NV 89101
(702) 385-5534
Attorney for Plaintiff